UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEVI BATTLE, III         ] | |
|     Petitioner,      ] | |
|                      ] | |
| v.                       ] | No. 3:11-0474 |
|                      ] | Judge Campbell |
| JERRY LESTER             ] | |
|     Respondent.      ] | |

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Jerry Lester, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On November 16, 2005, a jury in Davidson County found the petitioner guilty of possessing over twenty six (26) grams of cocaine with the intent to sell or deliver. Docket Entry No.41-1 at pg.49. For this crime, he was sentenced as a career offender to thirty (30) years in prison. *Id.* at pg.57.

On direct appeal, the petitioner argued that it was error for the trial judge to deny his motion to suppress. Docket Entry No.41-6 at pgs.3-13. The Tennessee Court of Criminal Appeals rejected this argument and affirmed petitioner's conviction. *Id.* at pgs.34-

1

41. The Tennessee Supreme Court later denied the petitioner's application for further direct review. *Id.* at pg.54.

In May, 2008, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.41-7 at pgs.16-24. Following the appointment of counsel, an amendment of the post-conviction petition, and an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs.43-58.

On appeal, the petitioner claimed that he had been denied the effective assistance of both trial and appellate counsel. Docket Entry No.41-10 at pgs.3-14. The Tennessee Court of Criminal Appeals found no merit in these claims and affirmed the denial of post-conviction relief. *Id.* at pgs.44-57. The petitioner then filed an application for additional post-conviction review in the Tennessee Supreme Court.

While this application was pending, the petitioner filed a *pro se* petition for habeas corpus relief in the Criminal Court of Hickman County. Docket Entry No.41-11 at pgs.4-10. That court denied the petitioner state habeas corpus relief.[1] *Id.* at pg.39. Three months later, the Tennessee Supreme Court chose not to grant the petitioner's request for additional post-conviction review.

---

[1] The state habeas corpus petition only challenged the legality of petitioner's sentence, which is not an issue in the instant action. The denial of state habeas corpus relief was affirmed on appeal. Docket Entry No.41-12 at pgs.75-85.

Docket Entry No.41-10 at pg.71.

## II. Procedural History

On April 22, 2011, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). Upon its receipt, the court reviewed the petition and found that it appeared to be untimely. Accordingly, the petitioner was granted twenty one (21) days in which to show cause why the petition should not be dismissed for that reason. Docket Entry No.10.

By an order (Docket Entry No.14) entered June 16, 2011, the Court determined that the petitioner had failed to show cause and dismissed the petition as untimely. On appeal, though, the appellate court found that the petition had been filed in a timely manner. As a consequence, the dismissal was vacated and the case was remanded for further consideration of the petitioner's claims. Docket Entry No.26.

In his petition, the petitioner set forth two cursory claims for relief with the notation "See Memorandum of Law attached". The claims were (1) failure to apply the proper legal standard to petitioner's Fourth Amendment claim and (2) the ineffective assistance of counsel. However, there was no Memorandum of Law filed with the petition to explain petitioner's claims in greater detail. Thus, the petitioner was accorded an opportunity to amend his petition by describing his claims with more specificity. Docket

Entry No.44. The petition, as amended by the petitioner, contains seven claims for relief.[2] These claims include :

1) the trial court erred when it denied petitioner's motion to suppress;

2) the petitioner was denied the effective assistance of counsel when his attorney
    a) failed to locate a vehicle "that was the subject of the plain view search, which resulted in his arrest";
    b) "failed to request a show-cause hearing to determine whether the State of Tennessee ... was obligated to preserve this evidence for trial rather than returning the vehicle to the lien-holder";
    c) did not determine whether a "trespass waiver" ever existed;
    d) neglected to interview a security guard and other motel staff "in an effort to determine whether Mr. Battle's conduct met the definition of trespassing";
    e) failed to appeal the sufficiency of the evidence and petitioner's sentence; and
    f) "failed to object to the State's failure to produce the vehicle at his motion to suppress and, as a result, preserve this issue for appeal".[3]

On January 7, 2013, an order (Docket Entry No.27) was entered

---

[2] The Court entered an order (Docket Entry No.48) granting petitioner's motion to amend with those claims he enumerated in Docket Entry Nos.8 and 47.

[3] David Collins, a member of the Davidson County Bar, was originally appointed to represent the petitioner. He did so through the conclusion of petitioner's suppression hearing. The petitioner, however, was not pleased with Collins' work and Collins was allowed to withdraw. Geoffrey Coston, a member of the Williamson County Bar, was appointed to replace Collins as petitioner's attorney. Docket Entry No.41-1 at pgs.27-28.

4

directing the respondent to file an answer, plead or otherwise respond to the petition.

Presently before the Court are the respondent's Answer (Docket Entry No.40), to which the petitioner has filed a Reply (Docket Entry No.43).[4] Having carefully considered the petition, respondent's Answer, petitioner's Reply to the Answer and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Fourth Amendment Claim**

A police officer (Justin Fox) was sitting in his cruiser in the parking lot of a Nashville motel when he noticed the petitioner. Docket Entry No.41-2 at pg.4. The motel was in a high crime area known for drugs and prosecution. *Id.* The officer watched the petitioner for several minutes and determined that he was acting suspiciously. *Id.* at pgs.4-5,7.

The officer approached the petitioner and began to question

---

[4] After the petitioner's motion to amend was granted, the respondent was offered an opportunity to amend the Answer. *See* Docket Entry No.48. No amendment, however, was forthcoming.

5

him as to why he was at the motel. *Id.* at pg.5. The petitioner was unable to articulate a satisfactory explanation. *Id.* at pgs.7-8. A motel security guard joined the pair and informed the officer that the petitioner was trespassing if he did not have a room at the motel. The petitioner acknowledged that he was not a guest at the motel. *Id.* at pg.5.

The officer placed the petitioner in handcuffs while he checked his ID and ran him for any outstanding warrants. The petitioner did not have any outstanding warrants but the officer did learn that "he had a history of not going to court". *Id.* at pg.6. For that reason, Officer Fox decided that he needed to take the petitioner to the police station rather than simply write him a citation for trespassing. *Id.* at pg.10.

The officer walked the petitioner to his vehicle. In the front seat of petitioner's vehicle, the officer saw plastic baggies containing a rock like substance. *Id.* He shined his flashlight on the baggies to confirm the baggies and their contents. The vehicle was opened and the officer confiscated the baggies. *Id.* A field test confirmed that the rock like substance tested positive for a cocaine base. *Id.* As a result, the petitioner was placed under arrest.

Counsel (Collins) filed a pre-trial motion to suppress the drugs found in the petitioner's vehicle, arguing that the officer could not have seen the contents of the baggies because the windows

on the petitioner's vehicle were too darkly tinted. Docket Entry No.41-1 at pgs.9-10. The trial judge conducted a suppression hearing, Docket Entry No.41-2, and ruled that the drugs seized from the petitioner's vehicle would not be suppressed. Docket Entry No.41-1 at pgs.13-17. Counsel (Coston) then filed a motion to reconsider, Docket Entry No.41-1 at pgs.31-36, that was unsuccessful.

The petitioner claims that the trial judge erred when he refused to suppress the drugs seized from his vehicle (Claim No.1).

The Fourth Amendment guarantees that an individual will be secure in his person, home, papers and effects from unreasonable searches and seizures. Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted habeas corpus relief on the ground that the search and seizure was invalid. Stone v. Powell, 428 U.S. 465,482 (1976). In deciding whether the petitioner received an opportunity for a full and fair hearing in state court, this Court must determine whether the state court took "cognizance" of the petitioner's arguments. Riley v. Gray, 674 F.2d 522,525 (6th Cir.), *cert. denied* 459 U.S. 948 (1982).

A pre-trial suppression hearing was conducted to ascertain the validity of the search that led to the seizure of drugs from the petitioner's vehicle. Docket Entry No.41-2. Officer Fox testified as to the events leading up to the search. Counsel for the

7

petitioner had an opportunity to cross examine this witness. *Id.* at pgs.9-15. The petitioner testified at the suppression hearing, giving him an opportunity to refute Officer Fox's testimony and express his argument for suppression of the evidence. On direct appeal, the petitioner unsuccessfully challenged the refusal to suppress the evidence. Docket Entry No.41-6 at pgs.34-41. Thus, the petitioner argued this claim in both the trial and appellate levels of the state court system. Those courts took cognizance of petitioner's claim that the drugs were not discovered lying in plain view but found no merit in it. There has been nothing to suggest that the state courts in any way hindered the petitioner's ability to get a full and fair hearing of this issue. Accordingly, petitioner's Fourth Amendment claim can not provide a basis for the granting of habeas corpus relief.

**B.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. Id. It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[5]

The petitioner raised his claims of ineffective assistance of counsel during post-conviction proceedings. The alleged instances of ineffective assistance brought before the state courts did not include counsel's failure to request a show-cause hearing (Claim No.2b), failure to determine whether a "trespass waiver" ever

---

[5] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; see also Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

9

existed (Claim No.2c)[6], or failure to appeal the sufficiency of the evidence and the sentence (Claim No.2e). Docket Entry No.41-10 at pgs.9-12. As a consequence, these claims were never fully and properly exhausted in the state courts.

Unfortunately, at this late date, the petitioner is no longer able to raise these claims in the state courts. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these particular ineffective assistance claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some

---

[6] A "trespass waiver" apparently allows certain individuals the authority to enforce any trespassing violations on a particular piece of real property. *See* United States v. McKinnon, 133 Fed. Appx. 167,168 (6th Cir. (Tenn))(2005).

showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner's pleadings offer nothing to suggest cause for the failure to exhaust these ineffective assistance claims in the state courts in a timely manner. Nor has there been a showing of prejudice arising from the alleged constitutional violations. Consequently, those ineffective assistance claims that were not properly exhausted (Claim Nos.2b,2c, and 2e) will not support an award of federal habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

11

**C.) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., counsel's failure to locate petitioner's vehicle (Claim No.2a), counsel's failure to interview the motel security guard (Claim No.2d), and counsel's failure to object to the absence of any photographs of petitioner's vehicle at the suppression hearing (Claim No.2f) were considered by the state courts on the merits and have been fully exhausted. Docket Entry No.41-10 at pgs.44-57.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. Lundgren v. Mitchell, 440 F.3d 754,762 (6th Cir.2006), *citing* Williams v. Taylor, 529 U.S. 362,413 (2000). To

grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. *Id.* In short, state court judgments must be upheld unless the Court finds that the state court's application of federal law was "objectively unreasonable", rather than simply incorrect. Goodell v. Williams, 643 F.3d 490,495 (6th Cir.2011). A state court's application of federal law is objectively unreasonable if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents. Harrington, *supra* at 131 S.Ct. 786.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

judgment. <u>Mallett v. United States</u>, 334 F.3d 491, 497 (6th Cir. 2003).

Upon his arrest, police seized a 1995 Ford Thunderbird belonging to the petitioner. It was in this vehicle that police found the drugs that led to the petitioner's arrest. Three years prior to trial, police released the vehicle to its lien holder, American Auto. Docket Entry No.41-4 at pgs.4-5.

The defense strategy was premised upon suppressing the drugs found in petitioner's vehicle. To do so, the petitioner needed to show the court that the vehicle's windows were so darkly tinted as to negate any claim by the police that the drugs were found in plain sight. Counsel was unable to locate the vehicle, ultimately leading to the denial of petitioner's motion to suppress the drugs. Petitioner claims that counsel's failure to locate his vehicle constitutes defective representation (Claim No.2a).

During the post-conviction evidentiary hearing, David Collins testified that he represented the petitioner at his suppression hearing. Collins stated that the petitioner was not able to provide him with any solid information about where he had purchased the vehicle and from whom. Docket Entry No.41-8 at pgs.20-21. Counsel went from door to door at a number of car lots in the area trying unsuccessfully to find the vehicle's current location. *Id.* at pg.19. He learned from the prosecution that the vehicle had been titled and returned to American Auto. Docket Entry No.41-4 at

14

pgs.4-5. Even with this information, though, counsel could not locate petitioner's vehicle. Collins' successor, Geoffrey Coston, also testified that he made several unsuccessful attempts to locate the vehicle. Docket Entry No.41-8 at pg.28.

From this testimony, the state courts concluded that the petitioner's attorneys had not been deficient in their efforts to locate the vehicle. Docket Entry No.41-10 at pg.54. The state courts further noted that the petitioner had not produced the vehicle or photos of the vehicle at the post-conviction evidentiary hearing. Without such evidence showing that the vehicle's windows had indeed been darkly tinted, the petitioner was not able to prove that the drugs would have otherwise been suppressed. As a consequence, he did not demonstrate prejudice, a necessary element of any ineffective assistance claim. *Id.* at pgs.54-55.

Having considered the record carefully, the Court finds that the ruling of the state courts on this claim was neither contrary to nor an unreasonable application of federal law. Accordingly, this claim has no merit.

The petitioner further claims that counsel was ineffective for failing to locate and interview the motel security guard who gave Officer Fox the provocation needed to detain him for trespassing (Claim No.2d).

Collins testified that by the time he began his investigation into the case, the motel had been closed down by order of the Metro

15

Police and that there was no one available who could identify the security guard or offer information as to his whereabouts. Docket Entry No.41-8 at pg.21. He later learned of someone involved in the management of the motel but was unable to get this individual to respond to his requests for information. *Id.* The security guard was not identified in the police report of the incident. *Id.* at pg.22.

The state courts determined that counsel had not been deficient in his efforts to locate and interview the motel security guard. Nor did the security guard testify at the post-conviction evidentiary hearing. Docket Entry No.41-8. Therefore, the petitioner failed to show prejudice as well. Consequently, the state courts found that counsel had not been ineffective in this regard. From this record, the Court agrees that counsel was not ineffective for failing to locate and interview the motel security guard. For that reason, the Court finds that the state courts' resolution of this claim was neither contrary to nor an unreasonable application of federal law.

Finally, the petitioner argues that counsel (Coston) was ineffective for neglecting to object to the prosecution's failure to produce the vehicle at his motion to suppress and, as a result, preserve this issue for appeal (Claim No.2f).

At the suppression hearing, Officer Fox took the witness stand and testified as follows:

> They weren't locked, but I looked in
> the vehicle. Yes, there was a mild tint

> on it. You could still see. It was lit up.
> You could see two plastic baggies, and
> one large baggie over on the passenger side
> seat of a rock substance.
>
> At that time, I turned on my flashlight to
> look in there at it, at which time it was
> what I observed. I then opened the vehicle
> and extracted the items.

Docket Entry No.41-2 at pg.6.

The petitioner also testified at the suppression hearing and told the court that the windows on his vehicle were darkly tinted. *Id.* at pg.18. The court found that petitioner's testimony was "not very credible", and denied his motion to suppress the drugs found in his vehicle. *Id.* at pg.25.

Petitioner's attorney (Coston) filed a motion for the court to reconsider its ruling. Docket Entry No.41-1 at pgs.31-36. The trial court entered an order denying the motion to reconsider. *Id.* at pgs.37-38. On direct appeal, counsel unsuccessfully challenged the trial court's refusal to grant the motion to suppress. Docket Entry No.41-6 at pgs.34-41.

The Tennessee Court of Criminal Appeals determined that counsel had, by implication, questioned the prosecution's failure to produce the vehicle (or photographs of it) at the suppression hearing on direct appeal. Docket Entry No.41-10 at pg.56. By doing so, it was held that counsel had not been deficient in this regard. Such a finding is not contrary to federal law. Thus, the Court finds no merit in this claim.

## IV. CONCLUSION

The petitioner's Fourth Amendment search and seizure claim (Claim No.1) is not cognizable in this action. Three of the petitioner's ineffective assistance of counsel claims (Claim Nos.2b,c and e) were never properly exhausted in the state courts. The procedural default of the state remedies for these claims is unexcused. For that reason, these claims are insufficient to support an award of habeas corpus relief.

The state courts determined that the petitioner's fully exhausted claims lacked merit (Claim Nos.2a,d and f). The record supports these findings. The petitioner has failed to demonstrate in what way the legal analysis of the state courts ran contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the petitioner's fully exhausted claims lack merit.

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge